[S. F. No. 4265.   In Bank.—July 29, 1905.]

## EDWARD POLLITZ et al., Respondents, v. MARY C. WICKERSHAM, Executrix, Appellant.

APPEAL—TIME FOR FILING TRANSCRIPT—AMENDED RULE—PENDENCY OF NEW TRIAL PROCEEDINGS—MOTION TO DISMISS DENIED.—The time in which to file the transcript on appeal since the taking effect on February 18, 1905, of the amended rule providing that the forty days does not begin to run where proceedings for a new trial are pending when the appeal is perfected until the motion is decided, or the proceeding dismissed for want of prosecution, is governed by the rule now in force. A motion made thereafter to dismiss the appeal before taken for failure to file the transcript within forty days after settlement of the bill of exceptions on motion for new trial must be denied where the motion is undisposed of.

MOTION to dismiss appeal from a judgment of the Superior Court of Sonoma County.   Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

Campbell, Metson & Campbell, Lippitt & Lippitt, and Thomas H. Breeze, for Appellant.

Edmund Tauszky, for Respondents.

SHAW, J.—This is a motion to dismiss the appeal upon the ground that the transcript was not filed within forty days after the settlement of the bill of exceptions on motion for a new trial, as required by the rules in force prior to February 18, 1905. Notice of motion to dismiss the appeal was filed in this court on March 23, 1905. By the rule existing prior to February 18th it was necessary to file a transcript within forty days after the settlement of the bill of exceptions. By

the amendment which took effect February 18th it is provided that when proceedings for a new trial are pending at the time the appeal is perfected the forty days' time within which the transcript must be filed does not begin to run until the motion is decided, or the proceeding dismissed for want of prosecution. In view of this amendment of the rule, and the fact that the proceeding to dismiss the appeal was instituted after this rule had taken effect, and before the motion for new trial was disposed of, we think that the time for the filing of the transcript must be determined by the rule now in force, and that the motion to dismiss the appeal upon the ground stated should be denied, and it is so ordered.

Angellotti, J., Van Dyke, J., Lorigan, J., and Beatty, C. J., concurred.